IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOAH BARBER                              :         CIVIL ACTION
                                         :
    v.                                   :
                                         :
STEPHEN SHEPPLEMAN and                   :
WILLIAM CAREY                            :         NO.  10-3620

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, M.J.                                       October 2, 2012

      This memorandum addresses Plaintiff's motion in limine (Doc. 76) and also provides guidance to counsel regarding the issues remaining for trial in this civil rights case.  When counsel provided their trial submissions, it was apparent that they did not agree regarding the claims and damages remaining in the case after motions practice before the Honorable Mary McLaughlin.[1]  Similarly, during a pretrial conference with counsel on September 24, 2012, they disputed the claims that remained in the case, the status of the defendants, and the damages recoverable under Judge McLaughlin's prior rulings.

      By Order dated September 25 (Doc. 78), I permitted counsel to file any relevant motions to compel and/or motions in limine, allowed counsel to provide any argument that any additional claims remained in the case, and directed counsel's attention to a footnote in Judge McLaughlin's September 26, 2011 memorandum (Doc. 34) which clarified that punitive damages remained against the individual defendants.  In response to that Order, Plaintiff filed a motion in limine to preclude all reference to and evidence

---

[1] Judge McLaughlin referred the case to me on consent of the parties on March 8, 2012.  Doc. 57.

that Defendants were off-duty at the time of the incident that gives rise to this case. Doc. 76. Defendants have filed a response. Doc. 79.

Before addressing the motion in limine, I must correct defense counsel's characterization of the case in her response to the motion in limine. In her brief, counsel states that this is a lawsuit against the defendants "in their official capacity only." See Doc. 79, Mem. at 1.[2] Contrary to this assertion, Judge McLaughlin made clear in her September 26, 2011 memorandum, that the court construed the complaint as filed against the officers in both their official and their individual capacities. See Doc. 34 at 4-8. In the same memorandum, Judge McLaughlin explained that all claims against the officers in their official capacity failed as a matter of law. See id. at 4, 8 n.8. Thus, the only claims that remain are those against the officers in their individual capacities.

In the same memorandum, as previously mentioned, Judge McLaughlin also clarified that despite the dismissal of the claim for punitive damages against the municipal defendants, the claim for punitive damages against the officers in their individual capacities remained in the case.

> The defendants argue, and Barber appears to admit, that Barber dropped his punitive damages claims against Officers Sheppleman and Carey. Reply Mem. at 4; Pl.'s Answer to Mot. for Summ. J. ¶ 19. However, the court order to which the parties refer dismissed punitive damages claims pursuant to the municipal defendants' motions to dismiss – not that of the individual defendants. See Order of October 22, 2010 (Docket No. 18). The Court did not dismiss the punitive damages claims against the individual officer defendants.

---

[2]In another part of her response, counsel correctly states that the "case will go to trial against defendants . . . in their individual capacity." Doc. 76, Resp. at 1 ¶ 1.

Doc. 34 at 8 n.7.  Thus, the section 1983 claims of false arrest, false imprisonment, and excessive force remain against the two officers in their individual capacities, including the claim for punitive damages.  The state law claims of assault and battery are also still in the case.

As previously stated, the current motion before the court is Plaintiff's motion to exclude all reference to and evidence of Defendants' off-duty status at the time of the incident.  Specifically, Plaintiff complains that the introduction of evidence that Defendants were off-duty at the time of the incident will prejudice Plaintiff and confuse the jury "into believing that merely because the defendant officers were 'off-duty,' they could not have been acting under 'color of law' when they assaulted and violated the civil rights of the plaintiff."  Doc. 76, Mtn. at 2 ¶ 3.  Defendants contend that the jury instructions on the color of law will sufficiently educate the jury in consideration of the all of the evidence including Defendant's duty status.  See Doc. 79, Mem. at 2.

The Third Circuit has found that duty status is but one factor to be considered in determining whether an officer was acting under color of state law.  See Barna v. City of Perth Amboy, 42 F.3d 809, 817 (3d Cir. 1994) (although not dispositive, duty status of officers is considered in determination of color of state law); Bonenberger v. Plymouth Tp., 132 F.3d 20, 24 (3d Cir. 1997) ("not all torts committed by state employees constitute state action, even if committed while on duty").  Consistent with the Third Circuit's Model Jury Instruction, I will instruct the jury that one factor, along with several others, they should consider in determining whether Defendants were acting under color of state law is whether Defendants were on duty at the time.  See  Third Circuit Model

Jury Instructions, 4.4.2 (2011).  However, the jury will also be instructed that an officer's duty status is not determinative of the issue.

There is no dispute that the officers were off-duty at the time of the incident.  See Doc. 71 at 2 ¶ 5 (parties stipulate that the officers "were not in any police uniform or a police vehicle and were proceeding home after socializing that evening at a local bar").  If, during the trial, Plaintiff's counsel believes that Defendants' presentation of the evidence in this regard is somehow confusing to the jury, I will entertain a motion to provide a clarifying instruction prior to the close of evidence.  However, there is no basis to preclude reference or evidence pertaining to the officers' duty status.  An appropriate order follows.